IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARON V. PINSON,

                    Petitioner,

      v.                              CASE NO. 06-3174-RDR

DUKE TERRELL, Warden,
U.S.P. Leavenworth,

                    Respondent.

### MEMORANDUM AND ORDER

This action was filed as a petition for writ of habeas corpus, 28 U.S.C. 2241, by an inmate of the United States Penitentiary, Leavenworth, Kansas. Mr. Pinson alleges he was convicted by a jury in 1997 of drug offenses. He appealed, and in 1998 his convictions were affirmed by the Fifth Circuit Court of Appeals. He then appealed to the United States Supreme Court, which denied certiorari. In 2001, he filed a motion to vacate his sentence under 28 U.S.C. 2255 in the Southern District of Texas, which was denied; and his request for a Certificate of Appealability was denied.

Petitioner has not satisfied the fee for filing this action by either paying the fee of $5.00 or submitting a motion for leave to proceed in forma pauperis with requisite documentation. He will be given time to satisfy this preliminary requirement.

Petitioner also fails to show that this court has jurisdiction over his claims. As grounds for this petition, Mr. Pinson claims the district judge that sentenced him had no jurisdiction in that the judgment and commitment order was void, and that he is illegally imprisoned as a result. He alleges in support that there was no record of a finding or return of a grand jury indictment filed in his case. He also refers to errors of trial counsel and

prosecutorial misconduct.

Normally, a petition under 28 U.S.C. § 2241 must be filed in the district of confinement and attacks the execution of a sentence rather than its validity. McIntosh v. United States Parole Comm'n, 115 F.3d 809 (10th Cir. 1997)(2241 petitions are used to attack execution of sentence, in contrast to 2254 and 2255 proceedings which are used to collaterally attack the validity of a conviction and sentence). A 28 U.S.C. § 2255 petition, on the other hand, "attacks the legality of detention, and must be filed in the district that imposed the sentence." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000),*quoting* Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw, 86 F.3d at 166; Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Only if the petitioner shows that § 2255 is "inadequate or ineffective" to challenge the validity of his conviction or sentence may he proceed under 28 U.S.C. § 2241. Id. "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Id.

Petitioner argues the motion under 28 U.S.C. 2255 is an ineffective remedy because it cannot be used to challenge his current custodian's actions in holding him in custody. He further argues this court has "venue" as one chosen by him with "substantial connection to the cause of action;" and jurisdiction over his claims under 2241 as well as 28 U.S.C. 1651.

Because petitioner filed his petition pro se, it is construed liberally. Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005). Nevertheless, the court rejects petitioner's arguments, and finds

2

they do not demonstrate that the remedy under Section 2255 is either inadequate or ineffective. Nor does the fact that petitioner was previously denied relief on claims asserted in a 2255 motion, and that he now faces restrictions on filing a successive 2255 motion, render 28 U.S.C. 2255 statutorily inadequate. <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1179 (10th Cir. 1999). Petitioner will be given time to show cause why this petition should not be dismissed because this court lacks jurisdiction under 28 U.S.C. 2241 to consider petitioner's claims.

**IT IS THEREFORE ORDERED** that petitioner is given twenty (20) days to either pay the filing fee of $5.00 in full or submit a motion for leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that petitioner, within the same twenty (20) days, must show cause why this action should not be dismissed for lack of jurisdiction.

DATED:  This 17th day of July, 2006, at Topeka, Kansas.

<u>s/RICHARD D. ROGERS</u>
United States District Judge