IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BARON V. PINSON,**

                        Petitioner,

        v.                      CASE NO. 06-3174-RDR

**DUKE TERRELL, Warden,**
**U.S.P. Leavenworth,**

                        Respondent.

## O R D E R

This action was filed as a petition for writ of habeas corpus, 28 U.S.C. 2241, by an inmate of the United States Penitentiary, Leavenworth, Kansas. Mr. Pinson was convicted in 1997 of drug offenses in the Southern District of Texas. He seeks to challenge his convictions on the following grounds: the district judge that sentenced him had no jurisdiction in that the judgment and commitment order was void, there was no record of a finding or return of a grand jury indictment filed in his case, and alleged errors of trial counsel and prosecutorial misconduct.

By prior order, Mr. Pinson was informed that his sole remedy is by motion under 28 U.S.C. 2255 filed in the sentencing court, rather than a petition under 28 U.S.C. 2241 filed in the district of incarceration, unless he could show that § 2255 is "inadequate or ineffective" to challenge the validity of his conviction or sentence. He was given time to show cause why this action should not be dismissed on account of this court's lack of jurisdiction over his claims.

Petitioner has filed a response in which he simply reargues

that he must proceed under Section 2241 rather than Section 2255 because he challenges his current custodian's actions in holding him in unlawful custody, and disagrees that this court lacks jurisdiction.

Petitioner's allegations make it clear that he wishes to challenge the convictions under which he is being imprisoned, and not the execution of his sentence by his current custodian. His sole remedy for the claims he alleges and the relief he seeks is a motion filed in the sentencing court under 28 U.S.C. 2255. He has not demonstrated that the Section 2255 remedy is either inadequate or ineffective. This court lacks jurisdiction over his claims, which are clearly challenges to his convictions.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, and all relief is denied.

DATED:  This 31st day of July, 2006, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge